UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARRICK DANARD EDISON,

    Petitioner,

v.

    Case No: 2:15-cv-306-FtM-29CM
    Case No. 2:12-CR-101-FTM-29CM

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

This matter came before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #67)[1] filed on May 14, 2015. The government filed a Response in Opposition to Motion (Cv. Doc. #11) on August 3, 2015, arguing that the Motion should be dismissed as untimely, as procedurally barred for failure to file a direct appeal, and otherwise without merit.

On November 18, 2015, the Court granted petitioner leave to supplement his Motion to assert a claim under Johnson v. United States, 135 S. Ct. 2551 (2015), without considering the viability of the supplement as it had no retroactive application at the time,

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

and on December 29, 2015, the government filed a Response in Opposition to Petitioner's Supplemental Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and United States v. Johnson (Doc. #15) treating Johnson as retroactive and stating that "[i]n light of *Johnson*, petitioner no longer qualifies as an armed career criminal and should be resentenced.  The United States continues to oppose the other three claims for relief raised by petitioner in his initial untimely petition."  (Doc. #15, p. 1.)  At the time, Johnson had not been found to be retroactive, and therefore the government was directed to supplement its Response in light of the Eleventh Circuit having found that Johnson did not announce a new rule that should apply retroactively.  (Doc. #16, p. 2) (citing In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015).  On January 8, 2016, the government filed a Response (Doc. #17) standing by its position that petitioner's sentence should be vacated and that he should be sentenced without the Armed Career Criminal Act (ACCA) enhancement because Johnson was a new substantive rule that applies retroactively on collateral review.

On April 18, 2016, in Welch v. United States, 136 S. Ct. 1257 (2016), the United States Supreme Court agreed with the government's position and determined that the residual clause of the ACCA was indeed unconstitutionally vague, and that Johnson announced a substantive rule that applied retroactively on collateral review.  In light of this decision, and because the

government concedes, the Court will grant the supplemental brief and vacate the underlying criminal judgment. The Court will appoint the next available CJA Panel attorney for resentencing.1

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #67) is **DENIED** as moot.

2. Petitioner's Supplemental Brief (Doc. #14), construed as an Amended Motion Under 28 U.S.C. § 2255, is **GRANTED**.

3. The Judgment in a Criminal Case (Cr. Doc. #62) is **vacated.**

4. The Clerk shall appoint the next available CJA Panel attorney, other than trial counsel David Brener, to represent defendant for purposes of a full re-sentencing. The United States Marshal's Office shall facilitate and effectuate the transportation of defendant for re-sentencing. Defendant shall be available in Fort Myers **on or before October 21, 2016**. The United States Probation Office shall issue a new Presentence Report and distribute copies of the Presentence Investigation Report to appointed

---

1 The docket reflects that the Federal Public Defender's Office had a conflict of interest and therefore cannot be appointed. (Cr. Doc. #15.) The Court also finds that trial counsel David Brener should not be reappointed in light of petitioner's claims of ineffective assistance of counsel.

counsel, the Office of the United States Attorney, and defendant **on or before October 14, 2016**. The parties shall appear for a full re-sentencing before the undersigned on**, Monday, October 31, 2016, at 1:30 p.m.**, Courtroom A, Sixth Floor, Fort Myers, Florida. A separate notice will issue.

5. The Clerk of the Court shall enter judgment in favor of petitioner on the Amended § 2255 Motion (Supplemental Brief) and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file and to make a notation that the criminal Judgment has been vacated.

**DONE and ORDERED** at Fort Myers, Florida, this ___13th___ day of July, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA